Our next case is United States v. Liu, number 22-1282. I see Mr. Tice there. Good morning. Good morning. You can begin whenever you're ready, Mr. Tice. Okay. Good morning. May it please the court, my name is Bill Tice. I represent Mr. Liu. He was convicted of a conspiracy to distribute 100 kilos or more of marijuana. And when I talk about the weight, I'll just say 100 kilos, knowing that we're really talking about 100 or more. The government was required to prove that he knew the object of this charged conceded that it didn't prove his knowledge. And instead, their main pitch is that that type of proof wasn't required. I think as necessary background, we have to keep in mind that Section 841 really establishes multiple drug offenses for some of which the weights and types of drugs are elements of the offense. That's really always been true since a lien, but I think perhaps the Supreme Court really brought it home in Terry a year ago, that weight is an element of the offense. It is not a jurisdictional fact. It is not like a jurisdictional fact. It is an element of the offense. Now, alongside that, the conspiracy statute, because it is tied to the offenses in Section 841, is really not a single statute that says anyone who conspires to violate the drug laws is guilty of an offense. Rather, what it says is violate a drug offense is guilty of an offense. So what we have here in Lou's case, he's conspiring, he's charged with conspiring to violate, to distribute 100 kilos of marijuana. And it's a basic principle of conspiracy law that the defendant has to agree to the object of the conspiracy. Now, you can't agree to the object of the conspiracy unless you know what it is. And so in this case, he was required, Lou was required, to know that the object of the conspiracy was 100 kilos of marijuana. The government makes the argument that it really doesn't have to show this sort of knowledge with respect to the weight. It's wrong even in the context of a completed offense, but it's certainly wrong in the context of a conspiracy because, once again, you can't agree to the object of the offense unless you know what the object of the offense is. And that was not proven at trial. Mr. Toews. Yes, sir. Your brief raises lots of interesting issues and arguments on this point. Do you agree that we are on plain error review on this particular theory about treating knowledge or proof of the type and quantity of drug as the object of conspiracy? Basically, I agree that we are, but I do want to add this prism to the analysis, is that this was a bench trial, not a jury trial. And so we don't have the elaborate rules about, you know, motion at the close of the government's evidence, motion at the close of all the evidence, motion after the verdict. The Seventh Circuit case was pretty clear that when a defendant pleads not guilty, he puts the issue in play. My first thought on this, although I suspect it's one with which the court is not inclined to agree, is that when we're talking about bench trials, unless the defendant says, I'm guilty, I did it, please sentence me, we really shouldn't even be forfeiture, I think that he satisfies the requirements of plain error. Because we do have an error, and that's something we could discuss at further length. If we say there's an error, it's a legal error, so it's pretty clear. Well, my problem with this is I have no trouble saying this is a really interesting problem in spinning out the logical consequences of Alain and Terry here. But as I understand the state of the law, every other circuit to have considered this question in light of Alain and Terry has stuck to the old ways of not requiring such specific proof about knowledge of even type and weight. And if that is correct, the question is, how can this be that plain of an error? Well, I would say that the cases from the other circuits that have discussed this, perhaps they have mentioned Alain, I imagine they might have in passing. But it seems that none of them have given any serious consideration to Terry. And as I said earlier, the structure is there with Alain, but perhaps it was not fully laid bare until Terry. And I don't see that sort of analysis in these other circuits' decisions where they really grapple with Terry. In any event, let's say that those cases really analyze that it's still up to this court to decide what the law is and your decision as to what is error. The error is no more plain or not plain depending on what other circuits have done. Certainly, when the Supreme Court decides questions of plain error, we saw this in Greer, the question whether the error is plain is made from the standpoint of the decision-maker. In cases like Rehaf, it's the Supreme Court. In this case, I would suggest that it's this court. If this court decides that that was an error, it should not say, oh, but it really wasn't so plain because a lot of other circuits came to opposite conclusions. But I agree from one viewpoint that the other circuits have rejected this argument. But in doing so, they have not given any serious attention to the consequences as spelled out in Terry. And what we're left then with is a case where, if I'm correct about the law, we have someone who has been convicted of an offense and the evidence is lacking, and that would certainly be an occasion for the court to step in and apply plain error doctrine. I see I'm close to rebuttal time. Unless the court has further questions, I'd like to reserve that for later on if necessary. Okay. Thank you, Mr. Bates. Ms. Sullivan. Good morning, and may it please the court. My name is Irene Sullivan, and I represent the United States. This court should affirm defendant's conviction and sentence as to count one of the that defendant knowingly agreed to the specific quantity of marijuana that was the object of the conspiracy. Defendant argues that after the Supreme Court's decisions in Alleen, Alanis, Rahafe, and Terry, drug quantity is an element to which a mens rea requirement should apply. This argument is incorrect. To be sure, the government does not dispute that after Alleen, drug quantity is an element of the offense that must be submitted to the finder of fact. Terry built on this decision, but neither Alleen nor Terry say anything about whether knowledge is required as to that element. In this court has previously held that a drug conspiracy, a defendant is liable not only for the quantity of drugs he was involved in, but also any amounts attributable to his co-conspirators if those amounts were reasonably foreseeable to him. And what was the government's evidence of foreseeability here? Mr. Liu did not go on all of those trips to California, just some of them. Sure. Your Honor, in the district court, defendant never argued that the government needed to prove that he knew the conspiracy's objective was to distribute a particular drug quantity, and because of that, the government did not introduce evidence of knowledge at that level of specificity. But the government's evidence at trial did undisputedly establish that defendant understood the conspiracy's goal was to distribute marijuana as part of a multi-state operation that took place over the course of many months, and that the conspiracy did, in fact, distribute more than 100 kilograms of marijuana. Defendant's knowledge of the conspiracy... I wasn't asking the knowledge question. I was asking the foreseeability question, just in our narrow conspiracy case law. What was the government's evidence of foreseeability? Sure. Well, at sentencing, the district court found that, and defendant does not dispute this finding, that defendant managed and supervised an extensive criminal operation that obtained, at a minimum, 233 anti-navigated sources of supply as part of that operation. So that, at the very least, speaks to reasonable foreseeability for him as someone who helped manage the criminal enterprise. Next, a plain reading of Section 841 contradicts defendant's argument. Section 841A1 requires the government to prove that the defendant distributed a controlled substance knowingly or intentionally, but Section 841B1 requires the government to prove only that the offense involved a particular quantity, not that the defendant knew that he was distributing that said quantity. Congress, including the mens rea requirement in one section, but omitting it in the other, speaks to Congress's intent to omit it purposely. In addition, the natural reading of the statute is that knowingly or intentionally modifies only the verbs, such as distribute, and their direct object, a controlled substance. There isn't a way to read Section 841B as the object of the verbs in Section 841A1. And lastly, defendant points to a presumption that Congress intends for defendants to possess a culpable mental state. In both Rahaf and Rwan, however, the Supreme Court explained that the presumption applies to each element that criminalizes otherwise innocent conduct. Here, the legality of defendant's conduct does not hinge on quantity. It hinged on him distributing the controlled substance in the first place. The defense responds to that with the Figueroa case on knowledge of whether the social security number is somebody else's for what's already criminal, right? Well, in that case, the crucial element that the culpability hinged on was whether, in fact, the document was, in fact, someone else's. I don't have the precise language. That's a significant sentencing enhancement if you're using somebody else. It's criminal to use a false social security number, even if it's totally fictional. It's worse if it's some particular individuals, right? Sure. And so we've got a similar kind of aggravator. Your Honor, I'd have to go and look at the section of the wording of the statute, but my recollection was that it was to use a document and to use a document belonging to another person. That belonging to the other person was the element that rendered the conduct illegal. And that's similar to what we have here, where distributing a controlled substance is what makes the conduct—actually, it's different than what is here, where distributing a controlled substance is what makes the conduct illegal. And the quantity is what enhances the penalty. You're not suggesting it's not a crime to use a false social security number? No, Your Honor. I'm not suggesting that that is not a crime. And looking at the language in Flores-Figueroa, it was—the court interpreted the language, whoever punishes knowingly uses a means of identification of another person. In that case, to be precise, the court said that knowingly modified means of identification of another person. That was what made the—that's what made the document false, was that it was the means of identification of another person. And that's then what made the conduct illegal. If there are no further questions, the court asked—or the government asked this court to affirm defendant's conviction and sentence as to count one. Thank you. Mr. Dice. Yes. Government counsel touched just briefly on foreseeability as affecting the determination of the sentence under the guidelines. And I think that's something that we saw in their briefs. They're really not distinguishing between how you determine a guideline sentence and how you determine whether someone is convicted of an offense and therefore merits specified mandatory minimums and mandatory maximums. So those cases about somebody foreseeing what would happen, although they're good law in terms of applying the sentencing guidelines, do not apply to the problem that we've got here. I don't think I can say much more about Flores-Figueroa. It is directly contrary to the government's theory as to when intent is required and when is not. Although the Supreme Court has language about separating innocent conduct from not-so-innocent conduct, that really detracts from the real holding of the cases in which the court says, once there's an element of the offense, and weight is an element of the offense, it is presumed that there has to be knowledge unless the Congress definitively and positively says otherwise. And all the government is doing is saying, well, Congress used knowingly in one but not in another. So that really satisfies it. Flores-Figueroa cuts against that. So that's all I've got. Thank you, Your Honors. Thank you, Mr. Tice.